UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUANN HALL,   Case No. 14-12448

        Plaintiff,   Sean F. Cox
v.   United States District Judge

COMMISSIONER OF SOCIAL SECURITY,   Stephanie Dawkins Davis
             United States Magistrate Judge

        Defendant.
_____/

**REPORT AND RECOMMENDATION
RULE 41(b) AND DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (Dkt. 22)**

**I.    PROCEDURAL HISTORY**

    A.    <u>Proceedings in this Court</u>

On June 23, 2014, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Sean F. Cox referred this matter to Magistrate Judge Michael Hluchaniuk for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for benefits. (Dkt. 3). This matter was reassigned to the undersigned Magistrate Judge on January 5, 2016, pursuant to administrative order. (*See* Text-Only Order dated January 5, 2016). Plaintiff was initially represented by counsel in this matter. However, the matter was subsequently stayed and a three-judge panel of this court

1

determined that plaintiff's counsel was no longer permitted to represent her. (Dkt. 15, 20). Counsel has withdrawn. (Dkt. 19).

After the withdrawal by counsel, the undersigned issued an order striking the previously filed motions for summary judgment (Dkt. 13, 14), and setting a new briefing schedule for the parties. (Dkt. 21). New counsel did not appear for plaintiff, who is now deemed to be proceeding in this matter *pro se*. Plaintiff's motion for summary judgment was due on March 1, 2016. The scheduling order specifically provided that "**PLAINTIFF'S FAILURE TO TIMELY FILE A MOTION FOR SUMMARY JUDGMENT WILL RESULT IN A RECOMMENDATION OF DISMISSAL.**" (Dkt. 21) (emphasis in original). The deadline for plaintiff to file a motion for summary judgment has passed and she has neither filed a motion nor contacted the Court. The Commissioner filed her motion for summary judgment on March 15, 2016. (Dkt. 22).

B. Administrative Proceedings

Plaintiff filed the instant claims on October 27, 2011, alleging that she became unable to work on September 16, 2011. (Dkt. 6-2, Pg ID 43). The claim was initially disapproved by the Commissioner on December 7, 2011. *Id*. Plaintiff requested a hearing and on November 2, 2012, plaintiff appeared before Administrative Law Judge (ALJ) Andrew G. Sloss, who considered the case *de novo*. (Dkt. 6-2, Pg ID 62-81). In a decision dated January 31, 2013, the ALJ

found that plaintiff was not disabled. (Dkt. 6-2, Pg ID 40-52). Plaintiff requested a review of this decision on February 7, 2013. (Dkt. 6-2, Pg ID 38-39). The ALJ's decision became the final decision of the Commissioner on April 22, 2014, when the Appeals Council denied plaintiff's request for review. (Dkt. 6-2, Pg ID 27-30); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

This matter is now ready for report and recommendation. The Court concludes that substantial evidence supports the decision of the Administrative Law Judge. The Court therefore **RECOMMENDS** that the findings of the Commissioner of Social Security be **AFFIRMED** or, in the alternative, that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P. 41(b).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1974 and was 37 years of age on the disability onset date. (Dkt. 6-2, Pg ID 60). Plaintiff had past relevant work as a production line worker and module board line production worker. *Id*. at 51. Plaintiff's last date insured was December 31, 2013. *Id*. at 45. She stopped working on September 16, 2011, the alleged onset date, but did unsuccessfully attempt to return to work for 60 days in 2012. *Id*. At step one of the sequential evaluation process, the ALJ found that plaintiff had not engaged in substantial gainful activity after the alleged onset date through the date of his decision. *Id*. At step two, the ALJ found that

plaintiff had the following severe impairments: bipolar disorder/depression and anxiety disorder. *Id*. The ALJ found that plaintiff had the following residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the following nonexertional limitations: due to her mental symptoms, the claimant is limited to unskilled work as defined by the Regulations, with work involving only occasional interaction with the general public.

*Id*. at 49. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listed Impairment. *Id*. at 47. At step four, the ALJ found that plaintiff was capable of performing her past relevant work, which the ALJ concluded did not require the performance of any work-related activities precluded by her RFC. *Id*. at 51. As such, the ALJ concluded that plaintiff had not been under a disability from September 16, 2011 through the date of his decision. *Id*.

**II. DISCUSSION**

    A.    <u>Standard of Review</u>

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions

4

absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing *Mullen*, 800 F.2d at 545.

B.   Merits of Plaintiff's Claims

The undersigned recommends that the court affirm the ALJ's findings of fact and conclusions of law. The undersigned has reviewed the record evidence, the Commissioner's motion for summary judgment, and the ALJ's decision.[1] The undersigned focused the analysis on the points at which the ALJ made conclusions adverse to an ultimate finding of disability, and agrees that substantial evidence supports the ALJ's conclusions as they relate to the weighing of the medical opinions in the record, the step four determination, and plaintiff's credibility.

The first step at which the ALJ's findings diverge from the path leading to a finding of disability in plaintiff's case is at step two, where the ALJ determined

---

[1] A review of the merits of plaintiff's case in the absence of a motion for summary judgment from plaintiff is supported by *Wright v. Comm'r of Soc. Sec.*, 2010 WL 5420990, at *3 (E.D. Mich. Dec. 27, 2010), where the court held that dismissal for failure to file a motion for summary judgment is unwarranted because the plaintiff has "no burden to do anything in order to obtain judicial review of the administrative decision except file a timely complaint." Other judges in this district have concluded, however, that dismissal of Social Security complaints pursuant to Fed.R.Civ.P. 41(b) is appropriate. *See Salmo v. Comm'r of Soc. Sec.*, 2012 WL 6929176, at *2 (E.D. Mich. Nov. 27, 2012) (collecting cases dismissing Social Security complaints under Rule 41(b)); *see also Brinkley v. Comm'r of Soc. Sec.*, 2015 WL 1637598 (E.D. Mich. Apr. 13, 2015) (Michelson, J.).

that certain of plaintiff's impairments – thyroid cancer, asthma, and chest pain – were non-severe. As to plaintiff's thyroid cancer, the ALJ noted that by May 2012 plaintiff was noted to be "doing well", was "asymptomatic" and there was "no evidence" of recurrence of any cancer. (Dkt. 6-2, Pg ID 46). In the view of the undersigned, the ALJ's conclusion that plaintiff's thyroid cancer is nonsevere is supported by substantial evidence because: (1) the medical records show that plaintiff's thyroid cancer was asymptomatic; and (2) there are no opinions in the record, treating or otherwise, suggesting that plaintiff's thyroid cancer was causing her <u>any</u> limitations. Under these circumstances, the ALJ's conclusion is supported by substantial evidence.

As to plaintiff's asthma, the ALJ concluded that this condition was nonsevere because there was no evidence in the record that plaintiff experienced significant recurrent or chronic respiratory symptoms and she was not treated for asthma attacks or respiratory distress during the relevant period. Thus, the ALJ concluded that nothing in the record suggested that plaintiff's history of asthma could be expected to result in significant work-related limitations. (Dkt. 6-2, Pg ID 46). In the view of the undersigned, the ALJ's conclusion that plaintiff's asthma is nonsevere is supported by substantial evidence because: (1) plaintiff did not indicate at the hearing that her asthma was problematic or causing her inability to work or other specific limitations; (2) there are no opinions in the record,

treating or otherwise, suggestion that plaintiff's asthma was causing her any limitations; and (3) nothing in the medical records suggests that plaintiff's asthma was causing her any significant distress or imposed any limitations on her.

As to plaintiff's chest pain, the ALJ concluded that this condition was nonsevere because there was only one significant episode of atypical chest pain in July 2011, which did not recur until September 2012, which quickly resolved. The ALJ pointed out that cardiac tests were negative for ischemia and infarction and there was no evidence of a severe cardiovascular impairment. (Dkt. 6-2, Pg ID 46). In the view of the undersigned, the ALJ's conclusion that plaintiff's chest pain is nonsevere is supported by substantial evidence because: (1) plaintiff did not indicate at the hearing that her chest pain was problematic or causing her inability to work or other specific limitations; (2) there are no opinions in the record, treating or otherwise, suggestion that plaintiff's chest pain was causing her any limitations; and (3) the medical records do not suggest that plaintiff's chest pain is an ongoing, chronic or severe impairment. Under these circumstances, the ALJ's conclusion is supported by substantial evidence.

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listed Impairment. (Dkt. 6-2, Pg ID 47). Under the theory of presumptive disability, a claimant is eligible for benefits if she has an impairment that meets or

medically equals a Listed Impairment. *See Christephore v. Comm'r of Soc. Sec.*, 2012 WL 2274328, at *6 (E.D. Mich. June 18, 2012). When considering presumptive disability at step three, "an ALJ must analyze the claimant's impairments in relation to the Listed Impairments and must give a reasoned explanation of his findings and conclusions in order to facilitate meaningful review." *Id*. (citing *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. Appx. 411, 416 (6th Cir. 2011)). An ALJ's failure to sufficiently articulate his step three findings is error. *See M.G. v. Comm'r of Soc. Sec.*, 861 F. Supp.2d 846, 858-59 (E.D. Mich. 2012). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specific medical criteria." *Sullivan v. Zebely*, 493 U.S. 521, 530 (1990) (emphasis in original).

    Here, the ALJ considered whether plaintiff's impairment or combination of impairments met or medically equaled Listings 12.04 or 12.06. The ALJ thoroughly considered the "B" and "C" criteria, concluding that plaintiff did not meet or equal either Listing. (Dkt. 6-2, Pg ID 47-49). The ALJ's listing analysis is thorough and supported by substantial evidence in the record. Specifically, the ALJ's finding that plaintiff could do unskilled work that did not involve much interaction with the general public was supported by the opinion of the reviewing psychologist, Dr. Csokasy. (Dkt. 6-2, Pg ID 49). As the Commissioner points out, the ALJ properly relied on Dr. Csokasy's assessment because it was consistent

with the totality of the medical evidence in the record. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514-515 (6th Cir. 2010). Notably, no treating or examining source opined that plaintiff had more serious limitations than those identified by Dr. Csokasy. In addition, Dr. Dickson, a consultative psychological evaluator (whose report was considered by Dr. Csokasy), concluded that plaintiff had no overt limitation of her ability to understand, remember and carry out instructions, despite moderate limitation of her ability to interact with others and adapt to workplace stress and changes. (Dkt. 6-7, Pg ID 227). As noted by Dr. Csokasy, while Plaintiff might have difficulty doing complex tasks on a sustained basis, she should be able to handle even semi-skilled tasks. (Dkt. 6-3, Pg ID 84, 96). Based on the foregoing, the undersigned finds no error at this step of the analysis.

To the extent there is a question of whether the ALJ correctly assessed plaintiff's credibility, the undersigned notes that "[i]t is for the [Commissioner] and his examiner, as the fact finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) (quoting *Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972)). Thus, an ALJ's credibility determination will not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

Here, the undersigned agrees with the Commissioner that the ALJ's conclusions regarding plaintiff's credibility are supported by substantial evidence.

While the ALJ acknowledged that plaintiff suffered from medically determinable impairments, the ALJ determined that the objective medical evidence did not support the severity of plaintiff's claims. (Dkt. 6-2, Pg ID 50-51) (20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4) (in evaluating statements about pain or other symptoms, the ALJ will consider any inconsistencies in the evidence); Social Security Ruling (SSR) 96-7p, 1996 WL 374186, at *5 (July 2, 2006) (stating that one strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record). The ALJ discussed in detail the relatively minor findings in the objective medical evidence. These included the nature and extent of the treatment she sought; the fact that she did not report many of her supposedly disabling symptoms when seeking treatment; her activities (including a 60-day work attempt, which was terminated by an isolated episode of chest pain – and not any of her ongoing medical problems); the expert medical opinions in the record; and the lack of medical opinions showing greater limitations. (Dkt. 6-2, Pg ID 49-51). The undersigned concludes that the ALJ's credibility findings are supported by substantial evidence and there is no compelling reason to disturb the ALJ's credibility analysis.

     Finally, the undersigned also agrees that the ALJ appropriately relied on the VE's testimony that she could return to her past work. (Dkt. 6-2, Pg ID 72).

While the VE also testified that she could not do these jobs if she would routinely miss more than two days of work per month or if she was off task due to symptoms for more than 20 percent of a typical workday, (Dkt. 6-2, Pg ID 72-73), the Commissioner correctly points out that, as discussed above, substantial evidence supports the ALJ's decision to reject any limitations other than those set forth in the RFC. Thus, the ALJ's Step 4 analysis is supported by substantial evidence.

    C.    <u>Rule 41(b) Dismissal</u>

Alternatively, the undersigned recommends that plaintiff's complaint be dismissed for failure to prosecute. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a

failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to

13

sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). In this case, the Court warned plaintiff that his case would be dismissed if she failed to file her motion for summary judgment. (Dkt. 21). Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendant[]

14

cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. Thus, the first and third factors weigh in favor of dismissal. Finally, given plaintiff's failure to substantively participate in this case since the withdrawal of her attorney, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, the undersigned concludes that none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, at *8, quoting, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, at *5, citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984). While the undersigned is sympathetic to plaintiff's situation, she failed to file an initial brief, as ordered. Under the circumstances, in the view of the undersigned, dismissal without prejudice is an appropriate alternative disposition.

## IV.   RECOMMENDATION

For the reasons set forth above, the Court concludes that substantial evidence supports the decision of the Administrative Law Judge. The Court therefore **RECOMMENDS** that the findings of the Commissioner of Social Security be **AFFIRMED** or, in the alternative, that plaintiff's complaint be

**DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P. 41(b).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: August 17, 2016                  s/Stephanie Dawkins Davis
                                             Stephanie Dawkins Davis
                                             United States Magistrate Judge

## CERTIFICATE OF SERVICE

       I certify that on August 17, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed to the following non-ECF participant: Louann Hall, 6101 Woodmoor, Burton, MI 48509.

                                             s/Tammy Hallwood
                                             Case Manager
                                             (810) 341-7887
                                             tammy_hallwood@mied.uscourts.gov